IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

---

CAROL STRONG,

        Plaintiff,

v.

TIMOTHY RALPH STRONG,

        Defendant.

Shelby Circuit No. 152659 R.D.
        C.A. No. 02A01-9701-CV-00005

        Hon. George H. Brown, Jr., Judge

CAREN DANTZKER, Memphis, Attorney for Plaintiff.

G. KEITH ROGERS, JR., Memphis, Attorney for Defendant.

*AFFIRMED AND REMANDED*

Opinion filed:

FILED

August 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

---

MEMORANDUM OPINION[1]

---

TOMLIN, Sr. J.

        This case presents a procedural issue involving T.R.C.P. 37.01. Carol Strong (hereafter "Wife") filed suit for divorce in the Circuit Court of Shelby County against Timothy Ralph Strong (hereafter "Husband"). Subsequently, Wife served Husband with a set of eighteen interrogatories. Husband filed an answer to the complaint as well as responses to the interrogatories. Wife thereafter filed a Motion to Compel Discovery pursuant to T.R.C.P. 37.01, contending that Husband's responses to four of the interrogatories were incomplete and insufficient. The trial court granted Wife's motion to compel and ordered Husband to answer the four interrogatories. In addition, the trial court ordered Husband and his counsel to pay Wife $500.00 as sanctions for failure to cooperate with discovery. Husband's sole issue on appeal is whether the trial court erred in ordering Husband and his counsel to pay Wife the $500.00 pursuant to Rule 37 T.R.C.P.. In addition, Wife asks this court to find Husband's appeal to be frivolous

---

[1]Rule 10(b) (Court of Appeals). MEMORANDUM OPINION. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

pursuant to T.C.A. § 27-1-122. For the reasons hereafter stated, we affirm the trial court, find the appeal to be frivolous and remand.

It is well established in this state that regarding a motion to comply the trial court has the ability to order the party necessitating the motion, and/or the party's attorney, to pay reasonable attorney fees for services that were necessary to in order to obtain the order. Furthermore, on appeal this court will not disturb the ruling of the trial court in imposing sanctions and awarding costs, unless there is a clear, affirmative showing by the appealing party that the trial court abused its discretion. Benton v. Snyder, 825 S.W.2d 409, 416 (Tenn. App. 1992).

Husband has the burden of proving that the trial judge abused its discretion. In his attempt to carry this burden, Husband has set forth five different reasons as to why the trial court was in error. First, Husband contends that he was not allowed a hearing on Wife's Motion to Compel Discovery, and in violation of T.R.C.P. 37.01(4). It is undisputed that counsel for both parties were present at a hearing before the trial court on the motion to compel and that counsel for Husband took part in the arguments before that court. While Husband may have been absent, there is no proof in the record as to any restraint being placed upon him to prevent him from attending the hearing, nor was there any request by counsel for a continuance of the hearing. This argument is without merit.

Husband's next contention is that the trial court failed to set forth the basis for the amount of the sanction and to state that the levy was made to reimburse Wife for reasonable expenses and attorney fees. Wife's motion to comply specifically called for the award of attorney fees for the failure of Husband to comply, and the trial court so found. This contention is without merit.

Next, Husband contends that the trial court failed to make any finding that Husband failed to answer any of the interrogatories properly or that his responses were either evasive or incomplete. T.R.C.P. 37.01(3) states that an evasive or incomplete answer is to be treated as a failure of the party to answer. The court ordered Husband to answer four of the interrogatories. While not expressly stated in the order, the existence of this order is a clear finding that the Husband's previous responses were

2

inadequate.

Next, Husband contends that the interrogatories which Husband was ordered to answer were irrelevant to Wife's divorce action. The trial court obviously determined that the interrogatories did call for discoverable information. This contention presents no abuse of discretion.

Lastly, Husband contends that two of the interrogatories, number 15 and 17, which he allegedly gave vague answers to, were themselves vague. From a reading of these interrogatories it is clear that they both were specific questions dealing with specific subjects. This contention is without merit.

In conclusion, we find that under these circumstances this appeal is frivolous. Accordingly, this cause is remanded to the Circuit Court of Shelby County for further proceedings pursuant to T.C.A. § 27-1-122, to ascertain the amount of attorney fees to be paid by Husband to Wife for her attorney's services in connection with this appeal. The judgment of the trial court is affirmed. Costs in this cause on appeal are taxed to Husband, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.


_____
FARMER, J.                    (CONCURS)


_____
LILLARD, J.                   (CONCURS)